UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXPOWER SEMICONDUCTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROHM CO. LTD., <br><br> Defendant. | Case No. 21-cv-08697-VC <br><br> **ORDER GRANTING PETITION TO COMPEL ARBITRATION AND MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE** <br><br> Re: Dkt. Nos. 1, 3 |

This Court is once again asked to enforce a binding arbitration agreement between MaxPower and Rohm.[1] *See Rohm Semiconductor USA, LLC v. MaxPower Semiconductor, Inc.*, 2021 WL 822932 (N.D. Cal. Feb. 4, 2021); *MaxPower Semiconductor, Inc. v. Rohm Semiconductor USA, LLC*, 2021 WL 5027861 (N.D. Cal. Oct. 29, 2021). Once again, MaxPower's request for relief is granted.[2] And because Rohm appears to be intentionally and vexatiously multiplying the proceedings in the face of an agreement to arbitrate, Rohm is ordered to explain why it should not be sanctioned under 28 U.S.C. § 1927.

    1. This Court has personal jurisdiction over Rohm Japan, and Rohm's argument to the contrary is frivolous. The contract between MaxPower and Rohm designates arbitration in Santa Clara County, California as the proper forum for any dispute arising out of or in relation to the

---

[1] The previous actions involved Rohm USA—a subsidiary of Rohm Japan, the defendant here. Aside from the issue of personal jurisdiction, this distinction makes no difference because the arbitration clause at issue resides in a contract between MaxPower and Rohm Japan. *See Rohm Semiconductor USA, LLC v. MaxPower Semiconductor, Inc.*, 2021 WL 822932, at *1 (N.D. Cal. Feb. 4, 2021).
[2] MaxPower's motion to seal is also granted. Dkt. No. 2.

agreement. By agreeing to arbitrate in California, Rohm has implicitly consented to the jurisdiction of courts in California. After all, under the Federal Arbitration Act, a district court can only compel arbitration to occur within its district. *See* 9 U.S.C. § 4; *Continental Grain Co. v. Dant & Russel*, 118 F.2d 967, 969 (9th Cir. 1941). The forum selection clause would have no meaning if it were unenforceable, and it would be unenforceable if it did not embody consent to the personal jurisdiction of California courts. *See Allied Professionals Insurance Co. v. Harmon*, 2017 WL 5634600, at *6 (C.D. Cal. July 28, 2017); *St. Paul Marine Insurance Co. v. Courtney Enterprises, Inc.*, 270 F.3d 621, 624 (8th Cir. 2001); *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 979 (2d Cir. 1996); *Unionmutual Stock Life Insurance Co. v. Beneficial Life Insurance Co.*, 774 F.2d 524, 527 (1st Cir. 1985).

      2. MaxPower's petition to compel arbitration and motion for emergency relief are granted for the reasons laid out in *MaxPower Semiconductor, Inc. v. Rohm Semiconductor USA, LLC*, 2021 WL 5027861 (N.D. Cal. Oct. 29, 2021). It makes no difference that the proceedings are before foreign adjudicatory bodies rather than a state court or United States administrative agency. *Cf. E. & J. Gallo Winery v. Licores S.A.*, 446 F.3d 984, 995 (9th Cir. 2006) (enjoining a defendant from proceeding with litigation in a foreign court in the face of a forum selection clause). And the harm to MaxPower hasn't changed: "If the [patent] adjudications go forward, 'the advantages of arbitration—speed and economy—are lost forever.'" *Id.* at *2 (quoting *Finastra USA Corp. v. Zepecki*, 2018 WL 1989508, at *5 (N.D. Cal. Mar. 9, 2018)).

      Rohm is therefore ordered to join with MaxPower in moving to terminate the proceeding currently pending before the CNIPA by Thursday, November 18, 2021. Rohm is additionally ordered to join with MaxPower in moving to stay or terminate the proceedings currently pending in Korea and Taiwan within 7 days. These latter motions shall request a stay in the first instance but shall indicate that the parties request termination if the stay request is denied. If the arbitrator determines that these disputes are not subject to arbitration, Rohm may resume its effort to seek invalidation of MaxPower's patents.

      Finally, within 14 days, Rohm is ordered to file a brief explaining why it should not be

sanctioned under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings. MaxPower may file a response within 7 days of Rohm's filing. If MaxPower seeks any attorneys' fees pursuant to the potential section 1927 violation, it should include a detailed description setting forth the fees it believes it should be reimbursed. Rohm may file a response within 7 days. A hearing is scheduled for January 6, 2021 at 10:00 AM.

**IT IS SO ORDERED.**

Dated: November 16, 2021

_____
VINCE CHHABRIA
United States District Judge